UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK STEVEN PETERSEN, Plaintiff, vs. HUNTER MEDBOURN, Police Officer at Vermillion Police Department, individual and official capacity, Defendant. | 4:25-CV-04152-ECS  OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Derrick Steven Petersen, an inmate at the Clay County Jail, filed a pro se civil rights lawsuit. Doc. 1. Petersen filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report. Docs. 2, 3.

I. **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) The average monthly deposits to the prisoner's account; or

> (B) The average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Petersen reports an average monthly balance of $20.00 and average monthly deposits of $20.00. Doc. 3 at 1. Based on this account information, the Court grants Petersen's motion for leave to proceed in forma pauperis (Doc. 2) and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

To pay his filing fee, Petersen must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Petersen's institution. Petersen remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

Petersen alleges Fourth, Eighth, and Fourteenth Amendment violations based on an incident in the Clay County Jail booking area in June of 2025 involving Officer Hunter Medbourn. Doc. 1 at 4–6.

On June 20, 2025, the Vermillion Police Department served Petersen with a warrant to collect a blood sample. Id. Petersen refused to provide a blood sample because he believed "the search warrant had been tampered with[.]" Id. Petersen "was then strapped down to a chair." Id. (capitalization in original omitted). At this point, Petersen alleges that Medbourn "placed A move on [Petersen's] head and neck that would not allow [Petersen] to breath." Id. Petersen "was in fear of death until Clay County Jailer, Dave Styles saved [his] life by saying 'Be careful with that!' " Id. Styles' intervention led Medbourn to release his grip on Petersen, allowing Petersen to "gasp in air." Id. at 4, 5.

Petersen claims that Medbourn's conduct constituted "excessive force by an officer" and "Cruel and Unusual Punishment[,]" violating his civil rights and resulting in emotional and psychological trauma. Id. at 4–6. Petersen seeks a total of $14 million from Medbourn and/or the Vermillion Police Department. Id. at 7. Additionally, he seeks to have "all criminal charges that clay county has charged [him] with to be dismissed, past charges included and to never have clay county charge [him] with those charges again." Id. Petersen also requests that Medbourn "face criminal charges for what he did to [Petersen]." Id.

**B.    Legal Standard**

The court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot

3

be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess the claims under 28 U.S.C. § 1915A.

    C.    **Legal Analysis**

        1.    **Official Capacity Claims for Monetary Damages**

Petersen sues Medbourn in his individual and official capacity. Doc. 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). A municipal or local government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy," deprives a plaintiff of a federal right. Monell v. Dep't of Soc. Servs., 436, U.S. 658, 694 (1978). Therefore, Petersen's claims against Medbourn in his official capacity as a Vermillion Police Officer are, in effect, against the City of Vermillion, the governmental entity employing Medbourn. Doc. 1. However, Petersen has not alleged facts that would support a claim that the City of Vermillion has executed an unconstitutional policy or custom. Thus, his claims against Medbourn in his official capacity for money damages are dismissed without prejudice under 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Claims for Injunctive Relief

Petersen seeks to have "all criminal charges that clay county has charged [him] with to be dismissed, past charges included and to never have clay county charge [him] with those charges again." Doc. 1 at 7. This, however, is not the sort of relief this Court is entitled to grant. Instead, "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." United States v. Batchelder, 442 U.S. 114, 124 (1979); see also Smith v. Powers, No. C 98–1832 CAL(PR), 1998 WL 355818, at *1 (N.D. Cal. June 18, 1998) ("Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's, not the court's, discretion."); Petitphait v. Christensen, No. 8:12CV45, 2012 WL 1015288, at *1–2, (D. Neb. Mar. 26, 2012) (holding that a civil rights plaintiff may not challenge a pending or future criminal charge in an action brought pursuant to 42 U.S.C. § 1983).

Similarly, Petersen requests that Medbourn "face criminal charges for what he did to [Petersen]." Doc. 1 at 7. For the same reasons discussed above, "[t]his Court has no authority to order that state criminal charges be brought against Defendants." Cragoe v. Maxwell, Civ. No.

11–4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012). If "[a plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings." Id. (citation omitted). Therefore, Petersen's requests for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

    **3.**    **Eighth Amendment Claims**

Petersen claims that Medbourn's use of excessive force constitutes a violation of the Eighth Amendment. Doc. 1 at 5. The Eighth Amendment is not implicated until after "a formal adjudication of guilt in accordance with due process of law." Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). The alleged incident did not occur while Petersen was in custody as a result of a formal adjudication of guilt, but instead occurred while he was in the Clay County booking room. Doc. 1 at 4. Thus, Petersen's claims do not fall under the protections of the Eighth Amendment, and his Eighth Amendment claim against Medbourn is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

    **4.**    **Fourth Amendment Claims**

Petersen also alleges a Fourth Amendment excessive force claim. Doc. 1 at 4. The Fourth Amendment protects against "unreasonable searches and seizures[.]" U.S. Const. amend. IV. Additionally, the Fourth Amendment guarantees the right to be free from excessive force during an arrest or investigation. Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019) (citing Graham v. Connor, 490 U.S. 386, 394–95 (1989)). The United States Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at

396. "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Franklin v. Peterson, 878 F.3d 631, 635 (8th Cir. 2017) (quoting Graham, 490 U.S. at 397) (internal quotation omitted).

This Court finds that Petersen has stated a plausible claim for excessive force in violation of his Fourth Amendment rights. Here, Petersen was "strapped down to a chair" when Medbourn "placed a move on [Petersen's] head and neck that would not allow [Petersen] to breath [sic]." Doc. 1 at 5 (capitalization in original omitted). Thus, Petersen's Fourth Amendment excessive force claim against Medbourn for monetary relief in his individual capacity survives § 1915A screening.

### 5. Fourteenth Amendment Claims

Lastly, Petersen alleges violations under the Fourteenth Amendment Due Process Clause. Doc. 1 at 6. While the Fourth Amendment protects arrestees from excessive force, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham, 490 U.S. at 395 n.10. Although courts "have not drawn a bright line dividing the end of the arrestee's status and the beginning of the pre-trial detainee's status, it is clear that the state may not punish a pretrial detainee." Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2001) (internal citation omitted).

When alleging a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396–97 (2015). Considering the facts

and circumstances of each particular case, courts may consider the following non-exhaustive list of factors when analyzing whether the force used was reasonable:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 397.

Here, Petersen claims that he "was already strapped down to a chair in the booking area" when Medbourn applied the alleged force, which may mean that Medbourn's force was unreasonable under the totality of the circumstances. Doc. 1 at 6 (capitalization in original omitted). Evaluating the facts and circumstances as pled, Petersen has stated a plausible claim that Medbourn's use of force was not objectively reasonable. Therefore, Petersen's Fourteenth Amendment excessive force claim against Medbourn for monetary relief in his individual capacity survives § 1915A screening.

## III. Conclusion

It is therefore ORDERED:

1. That Petersen's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Petersen's institution.

3. That the institution having custody of Petersen is directed that whenever the amount in Petersen's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Petersen's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee is paid in full.

4. That Petersen's claims against Medbourn in his official capacity for money damages are dismissed without prejudice under 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That Petersen's Eighth Amendment cruel and unusual punishment claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That Petersen's claims for injunctive relief are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

7. That Petersen's Fourth Amendment excessive force claim against Medbourn for monetary relief in his individual capacity survives § 1915A screening.

8. That Petersen's Fourteenth Amendment excessive force claim against Medbourn for monetary relief in his individual capacity survives § 1915A screening.

9. That the Clerk shall send a blank summons form and Marshal Service Form (Form USM-285) to Petersen so that he may cause the complaint to be served upon the defendant.

10. That Peterson shall complete and send the Clerk of Courts a summons and USM-285 form for the defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed within 30 days of the date of this order, the complaint may be dismissed for failure to prosecute.

11. That the United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Doc. 1) and this order, upon the defendant.

12. That the defendant will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

13. That the Clerk of Court is directed to send a copy of this order to the appropriate official at Petersen's institution.

14. That Petersen will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

DATED August 20, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE