UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK STEVEN PETERSEN,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTER MEDBOURN, Police Officer at Vermillion Police Department, individual capacity,<br><br>Defendant. | 4:25-CV-04152-ECS<br><br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS |

Plaintiff, Derrick Steven Petersen, an inmate at the Clay County Jail, filed a pro se civil rights lawsuit. Doc. 1. This Court granted Petersen's motion for leave to proceed in forma pauperis and screened his complaint in accordance with 28 U.S.C. § 1915A. Doc. 5. Petersen's Fourth Amendment and Fourteenth Amendment excessive force claims against Hunter Medbourn, in his individual capacity, survived screening. Id. at 9. Petersen has filed various motions, including motions for discovery, issuance of subpoenas, the addition of an official capacity claim, for appointment of counsel, to enter documents into the record, to add witnesses, and for summary judgment. See Docs. 8, 10, 15, 18, 19, 20, 21, 22, 23, 24, 26, 27, 29, 31, 32, 33, 34, 37, 42, 44, 45, and 47. The Court now considers these motions.[1]

## I.   Motions Seeking July 20, 2025 Video Footage (Docs. 8, 20)

Petersen has filed motions seeking video footage of the July 20, 2025 blood draw and surrounding circumstances that give rise to Petersen's claims in this action. Docs. 8, 20. The

---

[1] Medbourn has filed a motion for summary judgment. Doc. 48. The Court will issue a separate order addressing Medbourn's motion for summary judgment.

record demonstrates that Petersen has obtained a copy of the video footage and provided it to the Court. Docs. 36, 43, 47; see also Doc. 41 at 3. Thus, Petersen's motions to obtain and subpoena the July 20, 2025 video footage, Docs. 8, 20, are denied as moot.

## II.    Motions to Add Documents to the Record (Docs. 10, 23, 33)

Petersen has filed various "motions" attaching documents that it appears he wants the Court to consider in support of his claims. Docs. 10, 23, 33. Neither the Federal Rules of Civil Procedure nor the District of South Dakota's local rules of practice provide for motions to supplement the record with supporting evidence when the proposed evidence is not being relied upon in support of a motion seeking affirmative relief or in opposition to a motion seeking affirmative relief, such as a motion for summary judgment. Nevertheless, Medbourn does not oppose including attachments to Petersen's motions as part of the record. See Doc. 28 at 10–12; Doc. 41 at 6. Thus, to the extent Petersen requests that the attachments to his motions be included as part of the record, his motions are granted. When the Court considers Medbourn's motion for summary judgment, if appropriate, the Court will address Medbourn's arguments regarding the authenticity, accuracy, and relevancy of the attachments. If the case proceeds to trial, the Court will address the admissibility of the attachments if they are offered or when ruling on any motions in limine that may be filed. For these reasons, Petersen's motions to add documents to the record, Docs. 10, 23, and 33, are granted in part and denied in part.

## III.    Motion Regarding Clay County Use of Restraints Rules (Doc. 24)

Petersen filed a "motion" to "bring[] the [C]lay [C]ounty rules for the use of restraints on an inmate." Doc. 24. But the rules attached to his motion, Doc. 24-1, are not applicable to Clay County. The attached rules are excerpts of the Code of Federal Regulations applicable to Bureau of Prison facilities. Id. The Clay County Jail is not a federal Bureau of Prison facility, and

2

Petersen does not explain why the attached federal regulations are appliable to a South Dakota county jail. Thus, Petersen's motion regarding Clay County use of restraints rule, Doc. 24, is denied.

## IV.    Motion to Add Official Capacity Claims (Doc. 15)

Petersen seeks to add "official capacity claims for monetary damages" against Medbourn. Doc. 15 (capitalization in original omitted). According to Petersen's motion, he has been charged with false reporting to authorities, and Medbourn, as well as Vermillion Police Officer Hoffman are identified as potential witnesses. Id. at 1. The attachments to Petersen's motion state that the charges arise from Petersen reporting to the Vermillion Police Department staff that he had been strangled by an on-duty officer during the execution of a search warrant, but the investigation revealed that Petersen had not been strangled and was shouting and yelling. Doc. 15-1 at 3. Medbourn opposes Petersen's motion to add an official capacity claim. Doc. 28 at 5–6.

On screening, this Court dismissed Petersen's official capacity claim because Petersen had not alleged facts that support a claim that the City of Vermillion has executed an unconstitutional policy or custom. Doc. 5 at 5. Neither Petersen's motion to add an official capacity claim nor the supporting attachments allege sufficient facts to support a claim that the City of Vermillion has an unconstitutional policy or custom. See generally Docs. 15; 15-1. Petersen's motion to add an official capacity claim, Doc. 15, is denied.

## V.    Motions to Remove or Strike (Docs. 18, 26)

Petersen requests that Court "remove or strike[] any information about [his] state criminal file, 13 CRI:25-157; including any other video from the Jail cell, or holding cells at the Clay County Jail." Doc. 18 at 1. Petersen contends that the criminal defense attorney who is

3

representing him on the charges for false reporting to authorities arising out of Petersen's police report against Medbourn is ineffective. Doc. 26 at 1. Because of the alleged ineffective assistance of counsel, Petersen argues that the outcome of his criminal case should not have any bearing on the outcome of this civil rights case. Id. Medbourn opposes Petersen's motions. Doc. 28 at 6–7.

This case is not set for trial, and the Court has not scheduled an evidentiary hearing. At this stage of the proceedings, the Court is not inclined to rule on the admissibility of evidence. Further, Medbourn's statement of undisputed material facts in support of his motion for summary judgment does not reference Petersen's state criminal file or any videos not depicting the July 20, 2025 blood draw in issue. See Doc. 49. Thus, Petersen's motions to remove or strike, Docs. 18, 26, are denied without prejudice as premature. If this case proceeds beyond the motion stage and is scheduled for trial, Petersen may file a motion in limine seeking to exclude evidence that he contends is not relevant or otherwise inadmissible.

## VI.    Motion to Subpoena Clay County Rules and Policies (Doc. 21)

Petersen requests that the Court "subpoena the Clay County Jail for the rules, and or policy for the use of the restraint chair, on June 20, 2025[.]" Doc. 21. After filing this motion to subpoena, Petersen sent the Court a letter attaching excerpts of the Clay County Jail Policy Manual related to the use of force and restraints. Doc. 42; Doc. 42-1. Accordingly, Petersen's motion to subpoena Clay County rules and policies, Doc. 21, is denied as moot.

## VII.    Motion for Appointment of Counsel (Doc. 19)

Citing to his "[S]ixth Amendment right[,]" Petersen requests court-appointed counsel. Doc. 19. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C.

4

§ 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel to a pro se civil litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Stevens, 146 F.3d at 546. Petersen's claims are not complex, and the record demonstrates that he is able to investigate the facts and present his claims adequately. This Court believes that Petersen is capable of pursuing his claims pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 19, is denied at this time.

## VIII.   Motions to Subpoena Witnesses (Docs. 22, 27)

Petersen has filed two motions which the Court liberally construes as motions for subpoenas commanding witnesses to appear to give testimony. Docs. 22, 27. Rule 45 permits the Clerk of Court to issue a subpoena, signed but otherwise blank, to a party who requests it. Fed. R. Civ. P. 45(a)(3). Before service, the requesting party must complete the subpoena. Id. In this case, however, the Court declines to direct the Clerk of Court to issue blank subpoenas for Petersen to complete. There are no hearings set, and the Court has not scheduled this case for trial. Thus, there is no need for Petersen to subpoena witnesses to give testimony in court. A party may subpoena a witness to give deposition testimony, but the record does not indicate that Petersen has served a notice of deposition as required by Federal Rule of Civil Procedure 30(b)(1). For this reason, Petersen's motions to subpoena witnesses, Docs. 22, 27, are denied without prejudice.

## IX.    Motion for Costs and Disbursements (Doc. 31)

Petersen requests that Medbourn pay the $350 filing fee, any costs or disbursements "that could come from the blood test that [Petersen] refused to do," and reimburse Petersen for "all the hours that [Petersen] has put into filing this civil rights law suit[.]'  Doc. 31.

The Federal Rules of Civil Procedure permit a prevailing party to tax costs and recover certain litigation expenses, including the civil filing fee.  Fed. R. Civ. P. 54(d)(1); see also D.S.D. Civ. LR 54.1; 28 U.S.C. § 1920; 42 U.S.C. § 1988.  However, at this stage of the litigation, Petersen is not a prevailing party.  Thus, his motion for costs and disbursements, Doc. 31, is denied without prejudice as premature.

## X.    Petersen's Motion for Summary Judgment (Doc. 32)

Petersen filed a motion for summary judgment alleging that he "has proven he is entitled to Judgment as A matter of law because the evidence given, no reasonable jury could rule against. Federal courts, Rule 56."  Doc. 32.  Petersen's motion for summary judgment does not comply with the District of South Dakota's local rules.[2]  Local Rule 56.1.A requires that

> [a]ll motions for summary judgment must be accompanied by a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Each material fact must be presented in a separate numbered statement with an appropriate citation to the record in the case.

D.S.D. Civ. LR 56.1.A.  Local Rule 7.1.B provides that "[w]ith every opposed motion raising a question of law, . . . the movant must serve and file a brief containing the movant's legal arguments, the authorities in support thereof, and the Federal Rule of Civil Procedure on which the movant relies."  D.S.D. Civ. LR 7.1.B.  Because Petersen did not file a statement of undisputed material facts with citations to the record or a supporting brief with legal arguments

---

[2] When the Court issued a Rule 16 Scheduling Order, the Court attached a copy of the District of South Dakota's Civil Local Rules of Practice.  Doc. 16 ¶ 5.

6

and supporting authorities, Petersen's motion for summary judgment, Doc. 32, is denied. See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("[P]ro se litigants must comply with court rules and directives.").

## XI.   Motion to Extend (Doc. 34)

When Petersen notified the Court of a change of address, he stated that he had lost access to the law library and "is unable to respond[.]" Doc. 34. When Petersen filed this document, which the Court construes as a motion to extend, there were no pending motions or other upcoming deadlines. According to Petersen, restoring his access to the law library was "in the works." Id. When Medbourn subsequently moved for summary judgment, Petersen did not renew his motion to extend. Further, Petersen responded to Medbourn's motion for summary judgment and cited case law in one of his responsive filings. Docs. 57, 59. Accordingly, Petersen's motion to extend, Doc. 34, is denied as moot.

## XII.   Motion for Discovery (Doc. 37)

Petersen filed a motion for discovery, Doc. 37, which appears to be discovery requests directed to Medbourn. The Federal Rules of Civil Procedure do not require leave of court to serve interrogatories and requests for production. See Fed. R. Civ. P. 33, 34. Further, discovery requests and responses should not be filed with the Court. See Fed. R. Civ. P. 5(d); D.S.D. Civ. LR 26.1.A. Medbourn has stated that he will respond to Petersen's discovery requests in accordance with Federal Rules 26, 33, and 34. Doc. 41 at 4. Thus, Petersen's motion for discovery, Doc. 37, is denied as moot.

When Medbourn responded to Petersen's motion for discovery, he requested that the Court issue an order directing Petersen that he may not disseminate or use materials produced in discovery for any purpose other than in connection with this litigation. Doc. 41 at 4. The moving

party bears the burden of showing good cause for a protective order. Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). To show good cause, the party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (citation omitted). Here, Medbourn does not offer any reason why a protective order is necessary or explain how dissemination of discovery materials may be harmful. Further, it appears that Petersen's discovery requests seek the type of information that is commonly requested in most civil cases. See generally Doc. 37. Finally, Medbourn has not included a certification that he has "in good faith conferred or attempted to confer with" Petersen "in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). For these reasons, Medbourn's motion for a protective order is denied.

## XIII.    Motion Directing Defendants to Respond to Plaintiff's Pending Motions (Doc. 39)

Before Medbourn was served, Petersen filed some motions, and he also filed a motion to add official capacity claims shortly after Petersen was served. See Docs. 8, 10, 15. The Court ordered Medbourn to respond to Petersen's motions or before November 5, 2025. Doc. 17. Petersen filed a motion, which was served on November 10, 2025, stating that defendants had not responded to his pending motions. Doc. 39. Defendants complied with the Court's order and timely responded to Petersen's motions. See Doc. 28. Thus, Petersen's motion seeking an order directing defendants to respond, Doc. 39, is denied as moot.

## XIV.    Motion Regarding Mail to Medbourn (Doc. 40)

Petersen filed a "motion" stating that he "needs the United States District Court to know that the Clay County Jail will no longer let [him] send Vermillion Police officer, Hunter Medbourn any copys [sic] or any legal mail about this Case[.]" Doc. 40. Initially, the Court notes that Petersen's filing is not a motion because it does not seek affirmative relief. See Fed. R.

8

Civ. P. 7(b)(1). Even if the Court liberally construes the motion to request that the Court order that the Clay County Jail permit Petersen to send mail to Medbourn about this case, the motion is moot. Medbourn is represented by counsel. Thus, the Federal Rules of Civil Procedure require that Petersen serve Medbourn's counsel instead of Medbourn personally. Fed. R. Civ. P. 5(b)(1). Accordingly, Petersen's motion regarding mail to Medbourn, Doc. 40, is denied as moot.

## XV.    Motion Presenting Legal Authority and Argument (Docs. 29, 42, 44, 45, 47) .

Petersen has submitted various "motions," letters, and other documents providing legal authorities and arguments that he wants the Court to consider. Docs. 29, 42, 44, 45, 47. Under the Federal Rules of Civil Procedure, a motion is a request for a court order granting some form of relief. Fed. R. Civ. P. 7(b)(1). The applicable rules specifically require that any motion state with particularity the grounds for seeking the order and the relief sought. Id. at 7(b)(1)(B), (C); D.S.D. Civ. LR 7.1.B. It is not appropriate for a party to file a "motion" anytime the party wants to communicate information to the Court. Further, legal arguments and authorities in support of a party's position should be included in a brief filed in support of or in opposition to a motion permitted by the Federal Rules of Civil Procedure. See D.S.D. Civ. LR 7.1.B. Because Petersen's " motions" do not comply with the applicable court rules, they are denied. But if applicable and appropriate, the Court will consider the legal arguments and authorities contained in Petersen's motions when considering Medbourn's motion for summary judgment.

## XVI.    Conclusion

For the reasons discussed above, it is ORDERED:

1. That Petersen's motions to obtain and subpoena July 20, 2025 video footage, Docs. 8, 20, are denied as moot.

2. That Petersen's motions to add documents to the record, Docs. 10, 23, 33, are granted in part and denied in part.

3. That Petersen's motion regarding Clay County use of restraints rule, Doc. 24, is denied.

4. That Petersen's motion to add an official capacity claim, Doc. 15, is denied.

5. That Petersen's motions to remove or strike, Docs. 18, 26, are denied without prejudice as premature.

6. That Petersen's motion to subpoena Clay County rules and policies, Doc. 21, is denied as moot.

7. That Petersen's motion for appointment of counsel, Doc. 19, is denied.

8. That Petersen's motions to subpoena witnesses, Docs. 22, 27, are denied without prejudice.

9. That Petersen's motion for costs and disbursements, Doc. 31, is denied without prejudice as premature.

10. That Petersen's motion for summary judgment, Doc. 32, is denied.

11. That Petersen's motion to extend, Doc. 34, is denied as moot.

12. That Petersen's motion for discovery, Doc. 37, is denied as moot.

13. That Petersen's motion seeking an order directing defendants to respond, Doc. 39, is denied as moot.

14. That Petersen's motion regarding mail to Medbourn, Doc. 40, is denied as moot.

15. That Petersen's motions presenting legal authority and argument, Docs. 29, 42,

44, 45, 47, are denied.

DATED this 28 day of May 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

11