UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK STEVEN PETERSEN,<br><br>Plaintiff,<br><br>vs.<br><br>HUNTER MEDBOURN, Police Officer at Vermillion Police Department, individual capacity,<br><br>Defendant. | 4:25-CV-04152-ECS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Derrick Steven Petersen, filed a pro se civil rights lawsuit arising out of his confinement at the Clay County Jail in Vermillion, South Dakota. Doc. 1. This Court granted Petersen's motion for leave to proceed in forma pauperis and screened his complaint in accordance with 28 U.S.C. § 1915A. Doc. 5. Petersen's Fourth Amendment and Fourteenth Amendment excessive force claims against Hunter Medbourn, in his individual capacity, survived screening. Id. at 9. By order dated September 29, 2026, the Court granted Medbourn's motion for summary judgment and entered judgment in favor of Medbourn and against Petersen, Docs. 78, 79. Petersen has filed a notice of appeal, Doc. 83, and a motion for leave to proceed in forma pauperis on appeal, Doc. 84. Petersen provided a prisoner trust account report. Doc. 85.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "When an inmate seeks pauper status, the only

issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (footnote omitted) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the Eighth Circuit Court of Appeals outlined "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. Id. First, the Court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the Court with a certified copy of his prisoner trust account, the Court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

Here, Petersen's prison trust account report does not include the average monthly deposits or the average monthly balance, see Doc. 85, which the Court presumes is because Petersen was transferred to the South Dakota State Penitentiary in early October 2026 and has not been at the facility for six months, see Doc. 80. However, because Petersen was permitted to proceed in forma pauperis in the district-court action and it appears that his appeal is taken in good faith, the Court grants his motion to proceed in forma pauperis on appeal. See Fed. R. App. P. 24(a)(3) (stating that a party "who was permitted to proceed in forma pauperis in the district-

court action . . . may proceed on appeal in forma pauperis without further authorization" unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis[.]").

Although Petersen's prisoner trust account report does not include an average monthly deposit or an average monthly balance, see Doc. 85, the Court waives an initial partial filing fee because the current balance in Petersen's prisoner trust account is $0.00, id. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

It is therefore ORDERED:

1. That Petersen's motion for leave to proceed in forma pauperis on appeal, Doc. 84, is granted. Petersen's initial partial filing fee is waived.

2. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Petersen's institution.

3. That the institution having custody of Petersen is directed that whenever the amount in Petersen's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Petersen's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $605

appellate filing fee is paid in full.

DATED this 2nd day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE